## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | FILED ___ ENTERED ___ LODGED ___ RECEIVED |
| ) | AUG 21 2014 |
| v. ) | AT BALTIMORE |
| ) | CLERK U.S. DISTRICT COURT |
| CITY OF BALTIMORE, MARYLAND, ) | DISTRICT OF MARYLAND |
| ) | BY _____ DEPUTY |
| Defendant. ) | |

## CONSENT DECREE

### I. Background

1. This Consent Decree resolves a civil action brought by Plaintiff United States against Defendant, the City of Baltimore, Maryland ("Defendant"), to enforce the provisions of Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111, *et seq.*, and its implementing regulation, 29 C.F.R. §§ 1630 *et seq.*

2. In its Complaint, the United States alleges that Defendant engaged in a pattern or practice of discrimination in violation of 42 U.S.C. § 12112(d) and 29 C.F.R. § 1630.13(a) by requiring job applicants to submit to unlawful medical examinations and disability-related inquiries prior to making conditional offers of employment.

3. The United States also alleges that Defendant discriminated against the complainant, in violation of 42 U.S.C. §§ 12102 and 12112, and 29 C.F.R. §§ 1630.4, 1630.10, and 1630.13(a), by requiring her to submit to an unlawful medical examination and answer disability-related inquiries prior to making her a conditional offer of employment for a Fire Dispatcher position, by failing to hire her for a Fire Dispatcher job vacancy because she has a disability, has a record of a disability, and/or was regarded as having a disability, and by using qualification standards and/or other selection criteria that are not consistent with business necessity and that screened her out from being hired for a Fire Dispatcher job vacancy.

4. This matter was initiated by a charge filed by the complainant with the Equal Employment Opportunity Commission ("EEOC"). The EEOC investigated the charge

1

and found reasonable cause to believe that the allegations of discrimination on the basis of disability were true. After the EEOC's attempts at conciliation failed, the EEOC referred the charge to the United States Department of Justice.

5. The United States and Defendant (collectively, "the parties") agree that it is in the parties' best interests, and the United States believes that it is in the public interest, to resolve this lawsuit on mutually agreeable terms without further litigation. Accordingly, the parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the United States' Complaint. Further, the parties agree that there has been no adjudication as to the merits of any of the claims raised herein and the fact that the City has entered into this Consent Decree should in no way be considered as evidence of guilt or liability that it has violated the law in any way.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS, AND ORDERS THE FOLLOWING:

## II.     Jurisdiction and Venue

6. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5(f) and 2000e-6 and 28 U.S.C. §§ 1331 and 1345. The parties agree that venue is appropriate pursuant to 28 U.S.C. § 1391.

7. The United States has authority to initiate legal proceedings to enforce Title I of the ADA through litigation. 42 U.S.C. § 12117(a).

8. Defendant is a person within the meaning of 42 U.S.C. § 12111(7) and 42 U.S.C. § 2000e(a), an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

## III.    Injunctive Relief

9. Defendant, by and through its officials, agents, employees, and all persons in active concert or participation with Defendant in the performance of employment or personnel functions, shall not engage in any act or practice that discriminates against any applicant for employment or employee on the basis of disability in violation of Title I of the ADA and its implementing regulations, 29 C.F.R. §§ 1630 *et seq.*

10. Defendant shall not conduct medical examinations or inquiries before making a conditional offer of employment to an applicant. *See* 42 U.S.C. § 12112(d) and 29 C.F.R. § 1630.13(a).

11. To the extent that post-offer pre-employment medical examinations or inquiries are administered, they must be required of all entering employees in the same job category.

2

If Defendant withdraws an offer of employment based on the results of the post-offer pre-employment medical examination or inquiry, it must be able to show that the reason for doing so is job-related and consistent with business necessity and the job cannot be performed with reasonable accommodation, or that the individual is being excluded to avoid a "direct threat" to health or safety that cannot be eliminated or reduced by reasonable accommodation, as defined within the ADA. *See* 42 U.S.C. §§ 12111(3), 12112(d), 12113(a),(b); 29 C.F.R. §§ 1630.2(r), 1630.10, 1630.14, 1630.15.

12. Defendant shall implement policies and procedures to ensure that, if an applicant with a disability is considered to pose a direct threat as that term is defined within the ADA, an individualized assessment of such applicant is conducted to determine the applicant's present ability to perform the essential functions of the job with or without reasonable accommodations. This assessment shall be based on a reasonable medical judgment that relies on the most current medical knowledge and/or the best available objective evidence as provided in 29 C.F.R. §§ 1630.2(r).

13. Within fifteen (15) days of entry of this Consent Decree, Defendant shall designate an employee (or employees) to address ADA compliance matters. The designated employee shall serve as the primary contact on disability-related issues and concerns raised by applicants and employees, and shall be responsible for implementing the requirements of this Consent Decree.

14. Defendant shall provide training on Title I of the ADA ("ADA Training") to all employees who participate in making personnel decisions related to pre-employment medical inquiries/exams within one hundred and twenty (120) days of the entry of this Consent Decree, and every year thereafter for the term of this Consent Decree. Defendant shall notify the United States, no later than thirty (30) days before a training date, of the trainer that Defendant has selected for such trainings. Defendant shall send via electronic mail the proposed curriculum for the training to the United States no later than thirty (30) days before the training date. Defendant shall adopt any changes to the curriculum made by the United States to reflect the law's requirements. Attendance logs shall be maintained of all employees who attend the training.

15. Defendant shall also provide training on Title I of the ADA to all new employees hired or promoted after the entry of this Consent Decree who will participate in making personnel decisions related to pre-employment medical inquiries/exams within thirty (30) days of the start of their position, and every year thereafter for the term of this Consent Decree. Defendant shall notify the United States, no later than thirty (30) days before a training date, of the trainer that Defendant has selected for such trainings. Defendant shall send via electronic mail the proposed curriculum for the training to the United States no later than thirty (30) days before the training date. Defendant shall adopt any changes to the curriculum made by the United States. Attendance logs shall be maintained of all employees who attend the training.

16. Defendant shall draft employment policies and procedures related to the administration of pre-employment medical examinations or inquiries to ensure that they are in compliance with Title I of the ADA and this Consent Decree, and provide these policies and procedures to the United States within thirty (30) days of the entry of this Consent Decree. The United States may provide changes to these policies and Defendant shall adopt any changes to the policies and procedures made by the United States to reflect the law's requirements. Failure of the United States to provide changes or comments does not relieve Defendant from the responsibility to draft employment policies and procedures that comply with Title I of the ADA and this Consent Decree. Within sixty (60) days of the effective date of this Consent Decree, Defendant shall implement the employment policies and procedures related to the administration of pre-employment medical examinations or inquiries.

17. As of the entry date of this Consent Decree, all existing and future contracts between Defendant and any medical examiners (or any entity providing medical examiners for Defendant) shall contain a provision requiring the medical examiner to comply with Defendant's policies and procedures on medical examinations and with the applicable provisions of the ADA including, but not limited to, how a medical examination or inquiry of an applicant or employee should be conducted. In addition, Defendant shall ensure that all existing and future contracts between Defendant and any medical examiners (or any entity providing medical examiners) include a requirement that each medical examiner be provided with training materials that cover the same content as the ADA Training described herein, prior to the medical examiner's commencement of services for Defendant. Each medical examiner shall certify that he or she has reviewed the ADA Training materials.

## IV. Reporting Requirements

18. Six (6) months after the effective date of this Consent Decree, and every six (6) months thereafter during the term of this Consent Decree, Defendant shall provide a written report ("Report") to the United States regarding its efforts to comply with this Consent Decree. The Report shall include, for the preceding six-month period:

    (a)  A specific acknowledgment that Defendant has, for the instant reporting period, complied with the requirements of the Consent Decree, including the procedures set forth in paragraphs (10) – (13) and the training requirements specified in paragraphs (14) – (15) above;

    (b)  All copies of the attendance logs maintained for the trainings described in paragraphs (14) – (15), above;

4

(c)  Notification regarding any lawsuit, written complaint, charge, or grievance alleging that Defendant has violated Title I of the ADA by requiring an applicant to submit to an unlawful medical exam or answer a disability-related inquiry prior to making a conditional offer of employment; or by excluding an otherwise qualified applicant for a position because he/she has a disability, has a record of a disability, and/or was regarded as having a disability; or by using qualification standards and/or other selection criteria that are not consistent with business necessity and that screen out an applicant from being hired. Such notice will include, at a minimum, a description of the nature of the allegation, the name of the individual making the allegation, and all documentation possessed by Defendant relevant to the allegation. The first Report filed with the United States under this Consent Decree shall include all ADA Title I lawsuits, and all written complaints, charges, or grievances of which Defendant is aware and that are pending or otherwise unresolved at the time the first Report is made. All subsequent Reports shall include notice of all ADA Title I lawsuits, written complaints, charges, or grievances made subsequent to the immediately previous Report, as well as those ADA Title I lawsuits, written complaints, charges, or grievances reported in previous Reports that are still pending.

19. In addition to the requirements of paragraph 18, Defendant shall provide a description of the circumstances of each instance that Defendant withdraws an offer of employment based on the results of a post-offer pre-employment medical examination or inquiry. This description must include the name, last known address, telephone number(s), and email address of the applicant; the date that the employment offer was withdrawn; and the justification for the withdrawal (including, but not limited to, any medical report generated on the applicant). Such information shall be provided to the United States within ten (10) days after Defendant notifies the applicant of its decision to withdraw the conditional offer.

20. All information provided pursuant to the above reporting requirements under this Consent Decree should be provided to the United States via email or overnight courier service to: Elaine Grant, DJ # 205-35-42, U.S. Department of Justice, Civil Rights Division, Disability Rights Section, 1425 New York Avenue, N.W., Fourth Floor, Washington, D.C. 20530.

### V.   Specific Remedial Relief

21. Within thirty (30) days of the effective date of this Consent Decree, Defendant shall offer to pay the complainant a total monetary award of $65,000, which is designated as compensatory damages. This amount is not subject to wage withholding deductions, and Defendant shall issue an IRS Form 1099 to the complainant for this amount.

22. Within forty-five (45) days of the effective date of this Consent Decree, Defendant shall

5

send to the complainant a copy of this signed Consent Decree, along with a letter and Release of Claims Form, (attached as Exhibits 1 and 2 respectively). In order to accept the relief offered by Defendant, the complainant must execute and return the Release of Claims Form (Exhibit 2) to Defendant within thirty (30) days of her receipt of Defendant's letter (Exhibit 1).

23. Defendant shall send the United States a copy of Exhibits 1 and 2 when they are sent to the complainant.

24. Upon the complainant's acceptance of Defendant's remedial relief offer set forth in paragraph 21 above, Defendant shall pay the monetary sum within fifteen (15) days of receipt of her signed Release of Claims Form and Election Form.

## VI. Implementation and Enforcement

25. Failure by the United States to enforce any provision of this Consent Decree shall not be construed as a waiver of the United States' right to enforce any provisions of this Consent Decree.

26. If any term of this Consent Decree is determined by any court to be unenforceable, the other terms of this Consent Decree shall nonetheless remain in full force and effect.

27. The United States may review compliance with this Consent Decree at any time. If the United States believes that this Consent Decree or any portion of it has been violated, it will raise its concerns with Defendant and the parties will attempt to resolve those concerns in good faith. The United States will give Defendant thirty (30) days from the date it notifies Defendant of any breach of this Consent Decree to resolve the United States' concerns before filing a motion for contempt or taking any other enforcement action.

28. This Consent Decree shall be binding upon Defendant, its agents, and employees.

29. A signatory to this document in a representative capacity for Defendant represents that he or she is authorized to bind Defendant to this Consent Decree.

30. This Consent Decree constitutes the entire agreement between the United States and Defendant on the matters raised herein and no other statement, promise, or agreement, either written or oral, made by any party or agents of any party, that is not contained in this written Consent Decree, including its attachments, shall be enforceable.

31. This Consent Decree is not intended to remedy any other potential violations of the ADA or any other law that is not specifically addressed in this Consent Decree.

32. This Consent Decree does not affect Defendant's continuing responsibility to comply with all aspects of the ADA.

33. A copy of this Consent Decree or any information contained herein may be made available to any person, and Defendant shall provide a copy of this Consent Decree to any person upon request.

34. The parties agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described in paragraphs (1) – (4). To the extent that either party previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in paragraphs (1) – (4), the party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves either party of any other obligations imposed by this Consent Decree.

35. The effective date of this Consent Decree is the date the Court enters the Consent Decree.

36. The duration of this Consent Decree will be three (3) years from the effective date.

**SO ORDERED** this _22nd_ day of _Aug._, 2014.

_____
District Judge
District of Maryland

AGREED AND CONSENTED TO:

Rod J. Rosenstein
United States Attorney
District of Maryland

Allen Loucks
Assistant United States Attorney
United States Attorney's Office
District of Maryland

Molly J. Moran
Acting Assistant Attorney General
Eve L. Hill
Deputy Assistant Attorney General
Civil Rights Division

_____
Rebecca B. Bond, Chief
Sheila M. Foran, Special Legal Counsel
Amanda Maisels, Acting Deputy Chief
Elaine Grant, Senior Trial Attorney

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2014 AUG 21 A 10:03
CLERK'S OFFICE
7

_____
Niles R. Ford, Ph.D.
Chief, Baltimore City Fire Department

Spencer Nichols
Special Assistant City Solicitor
Baltimore City Fire Department

August 19, 2014
Date

Disability Rights Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
(202) 305-8686

August 20, 2014
Date

**Exhibit 1**

**BY OVERNIGHT MAIL**

[Name]
[Address]

      Re:    <u>Complainant v. City of Baltimore, Maryland</u>
               <u>Civil Action No. [ ]</u>
               <u>EEOC Charge No. [ ]</u>

Dear Complainant:

      The United States Department of Justice and the City of Baltimore, Maryland ("the City") have entered into a Consent Decree to resolve the charge you filed in this matter. A copy of the Consent Decree is enclosed.

      Under the Consent Decree, the City is offering you a payment of $65,000. In order to accept the City's offer, you must sign and notarize the enclosed Release of Claims Form and return it to the City within thirty (30) days of your receipt of this letter. You may return the forms by mail to:

Spencer Nichols, Esq.
Special Assistant City Solicitor
Baltimore City Fire Department
401 E. Fayette Street
Mezzanine Level
Baltimore, Maryland 21202

      The remedial relief is offered to you on the following condition: if you accept it, you will be required to release the City from all claims you may have against it, arising out of EEOC Charge No. [ ] and Civil Action No. [ ] filed in the Federal District Court for the District of Maryland. Within fifteen (15) days of the City's receipt of your executed Release of Claims Form, the City will forward you a check in the amount of $65,000.

      If you have any questions concerning this letter or the Consent Decree, you may contact me at (443) 984-3549 or you may contact Elaine Grant at the Department of Justice at (202) 305-8686.

9

Sincerely,

Spencer Nichols, Esq.
Legal Counsel, City of Baltimore

Enclosure:   Copy of Executed Consent Decree
Release of Claims Form

cc:   Elaine Grant, U.S. Department of Justice

10

### Exhibit 2

### RELEASE OF CLAIMS FORM

<u>Complainant v. City of Baltimore, Maryland</u>
<u>Civil Action No. [ ]</u>
<u>EEOC Charge No. [ ]</u>

For and in consideration of remedial relief made by the City of Baltimore, Maryland ("the City") under the provisions of the Consent Decree entered into by, and between, the United States and the City, I, the complainant, hereby release and forever discharge the City, and its current, past, and future officials, employees, and agents, of and from any legal and equitable claims arising out of EEOC Charge No. [ ] and Civil Action No. [ ].

This Release constitutes the entire agreement between me and the City without exception or exclusion with respect to EEOC Charge No. [ ] and Civil Action No. [ ]. This Release will be considered null and void in the event that the City fails to offer the remedial relief provided for in paragraphs 21-24 of the Consent Decree within fifteen (15) days of receipt of this executed Release.

I have read this Release and understand the contents thereof and I execute this Release of my own free act and deed. I also acknowledge that a copy of the Consent Decree has been made available to me.

Signed this _____ day of _____, 2014.

_____
[Name]

Sworn and subscribed to before me this _____ day of _____, 2014

_____
Notary Public

My commission expires: _____

11